IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMIK BANKS, | : | Civil No. 1:20-CV-01438 |
| Plaintiff, | : | |
| v. | : | |
| VENESSA NICOLA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court is Defendant Correct Care Solutions' motion to dismiss Plaintiff's second amended complaint. (Doc. 46.) For the reasons discussed below, the court will grant Defendant Correct Care Solutions' motion and dismiss Plaintiff's claims with prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

Ramik Banks ("Plaintiff"), an inmate currently housed at State Correctional Institution Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania, initiated this action by filing a complaint under 42 U.S.C. § 1983 in the Schuylkill County Court of Common Pleas in July of 2020. (Doc. 1-2.) The complaint named five defendants: (1) Vanessa Nicola, dental hygienist at SCI-Mahanoy; (2) Dr. Trotta, dentist at SCI-Mahanoy; (3) Correct Care Solutions, health care provider for the Pennsylvania Department of Corrections ("DOC"); (4) John Rivello, Superintendent at SCI-Mahanoy; and (5) John Wetzel, Secretary of the DOC. (*Id.*,

1

pp. 2–4.)[1]  Plaintiff alleged that on August 2, 2019, he broke his tooth.  (*Id.*, p. 4.)  He further alleged that on August 3, 2019, he signed up for sick call because the broken tooth was cutting his lip when he ate, causing pain and discomfort.  (*Id.*, p. 5.)  Plaintiff alleges that he made multiple sick call requests before he filed a grievance on February 3, 2020.  (*Id.*)  On February 6, 2020, the broken tooth was repaired.  (*Id.*)  Plaintiff alleged that the six-month delay in repairing his broken tooth was evidence of deliberate indifference to his serious medical need.  (*Id.*).

On August 13, 2020, counsel for Defendants Nicola, Trotta, Rivello, and Wetzel filed a notice of removal removing the action to this court.  (Doc. 1.)  These four Defendants filed a motion to dismiss for failure to state a claim.  (Doc. 4.)  Plaintiff then filed an amended complaint on November 4, 2020.  (Doc. 11.)  These four Defendants filed a motion for summary judgment on September 30, 2021.  (Doc. 21.)  Following briefing, Magistrate Judge Martin C. Carlson entered a report and recommendation recommending that the motion be granted.  (Doc. 26.)  On July 25, 2022, the court entered an order adopting the report and recommendation and entered judgment in favor of Defendants Nicola, Trotta, Rivello, and Wetzel.  (Docs. 32, 33.)

The court then entered an order acknowledging that Defendant Correct Care Solutions had not been served with a copy of the amended complaint.  (Doc. 34.)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

The court screened the claims raised against Defendant Correct Care Solutions in the amended complaint under 28 U.S.C. § 1915A and dismissed the claims without prejudice to Plaintiff filing a second amended complaint. (*Id.*)

Plaintiff filed a second amended complaint raising claims against Defendant Correct Care Solutions on August 8, 2022. (Doc. 35.) In the second amended complaint, Plaintiff realleges the broken tooth on August 2, the repeated sign-ups for sick call from August 3, 2019, up to January 21, 2020. (*Id.*, p. 1.) He realleges that the tooth was repaired on February 3, 2020. (*Id.*, p. 2.) Plaintiff alleges that he filed a grievance regarding the delay in treatment and it was repeatedly denied because the repair was required only for aesthetic purposes. (*Id.*) Plaintiff alleges that the broken tooth cut his lip when he ate. (*Id.*) He states that the "serious nature of his continued dental problem, the length of the delay in treatment for approximately six (6) months, and the absence of a reason for the delay" is evidence of a deliberate indifference to his serious medical need. (*Id.*, p. 3.)

Plaintiff alleges that "[a]s a result of the medical personnel of Defendant Correct Care Solutions conduct, Plaintiff suffered the embarrassment, immence (sic) pain and scarring associated with the delay in treating his broken tooth the cust (sic) his lip when he eats." (*Id.*) He further alleges that Defendant Correct Care Solutions has engaged in a pattern and practice of failing and/or refusing to generate, maintain, and/or preserve accurate medical records, to provide

reasonably prompt medical treatment to inmates, and to adequately treat inmates without delay. (*Id.*) He alleges that Defendant Correct Care Solutions was aware of and acquiesced in the acts of its employees in delaying medical treatment, that Defendant Correct Care Solutions advertised, assisted, directed, and/or ratified the actions described in the second amended complaint, that Defendant Correct Care Solutions played a substantial role and provided input which affected the delay in treatment, and that Defendant Correct Care Solutions failed to adequately train, supervise, and discipline personnel at the prison. (*Id.*, pp. 4–5.)

The second amended complaint brings claims under the Eighth Amendment, the Fourteenth Amendment, and the Constitution of the Commonwealth of Pennsylvania. (*Id.*, pp. 5–6.) The requested relief includes declaratory relief, injunctive relief, and monetary compensation, including punitive damages. (*Id.*, p. 7.)

The second amended complaint was served on Defendant Correct Care Solutions. (Docs. 36, 38, 40.) Defendant Correct Care Solutions filed a motion to dismiss and brief in support on February 8, 2023. (Docs. 46, 47.) The court received Plaintiff's brief in opposition on April 7, 2023. (Doc. 52.) Defendant Correct Care Solutions did not file a reply. The motion to dismiss is now ripe for the court's review.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Mahanoy, located in Schuylkill County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines

whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not

seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

Plaintiff brings claims under the Eighth Amendment, the Fourteenth Amendment, and Article I, Section 13 of the Constitution of the Commonwealth of Pennsylvania.  (Doc. 35.)  The court will address each claim in turn.

### A. The Eighth and Fourteenth Amendment Claims Will Be Dismissed With Prejudice.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).  To sustain a constitutional claim under the Eighth Amendment for inadequate medical treatment, a plaintiff must make (1) an objective showing that his medical needs were serious, and (2) a subjective showing that the defendants were deliberately indifferent to those medical needs.  *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention."

*Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (citation omitted).  A prison official is deliberately indifferent when he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

However, "[p]rison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates and courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'"  *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519, at *4 (M.D. Pa. Nov. 24, 2010) (quoting *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)).  Mere disagreement over proper treatment does not state a claim upon which relief can be granted.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *Monmouth Cty. Corr. Inst'l Inmates,* 834 F.2d at 346 ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation.").

Here, Plaintiff has failed to establish that he had a serious medical need.  A broken tooth that has been deemed to be repaired for only aesthetic purposes does not give rise to an Eighth Amendment claim.  Therefore, under *Farmer*, Plaintiff's

second amended complaint will be dismissed for failing to allege the first prong of an Eighth Amendment deliberate indifference claim.  Furthermore, Plaintiff alleges that he received treatment.  While it may not have been within the timeframe he desired, the tooth was repaired.  Therefore, even if the broken tooth rose to a level of a serious medical need, the claim would be dismissed under *White* as a mere disagreement over proper treatment.  As such, the Eighth Amendment claim is dismissed with prejudice.

Plaintiff's Fourteenth Amendment claim is duplicative of the Eighth Amendment claim as it is merely a deliberate indifference claim.  (Doc. 35.)  Therefore, this claim will also be dismissed with prejudice.

### B. The Pennsylvania Constitutional Claim Will Be Dismissed With Prejudice.

Plaintiff alleges a violation of Article 1 § 13 of the Pennsylvania Constitution.  (Doc. 35, p. 6).  As the Third Circuit has recognized, however, "[n]o Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."  *Pocono Mtn. Charter Sch. v. Pocono Mtn. Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011).  Accordingly, the Court will dismiss Plaintiff's claim pursuant to the Pennsylvania Constitution with prejudice.

## CONCLUSION

Accordingly, the court will grant Defendant Correct Care Solutions' motion to dismiss for a failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  The court will not grant Plaintiff an opportunity to amend his complaint, as further amendments would be futile.  *See Phillips*, 515 F.3d at 245.

An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 7, 2023